Nott, J.,
delivered the opinion of the court:
The petition in this case contains only the following averment •as to the claimant’s loyalty: “ That he was loyal.”
It is verified neither by the claimant nor his attorney of record.
The agency of the person who does verify it is not alleged in the affidavit, nor established by a power of attorney.
The jurat contains no indication of the place where it was made, nor of the authority of the officer to administer the oath.
The court is of the opinion that the petition docs not comply with the requirement of the Bowman Act (22 Stat. L., 485, § 4), which provides, for cases like the present, “ that the petition shall aver that the person who furnished such supplies or stores, or from whom such supplies or stores were taken, did not give any aid or comfort to said rebellion, but was throughout that war loyal to the Government of the United States.”
*162 It is true that tlíe counsel for the defendant has not taken this objection, but inasmuch as the fact is made “jurisdictional”-by the statute, the court can not overlook the omission of its averment.
It is also to be observed that Buie 94 requires that suits under the Bowman Act shall be brought by the claimant’s “filing his petition under oath in accordance with Buie 7 f that Buie 7 requires that the petition “ be verified in the manner provided by law” (Bev. Stat., § 72), and Bule 12, “that if the petition be verified by the attorney at law or other agent of the claimant, a power of attorney authorizing him to make the verification must be filed with it.”
The case complies with none of these rules, nor with the statutes. It is therefore remanded to the general docket.